The opinion of the court, (Tilghman, C. J. being absent,) was • delivered by
Gibson, J.
Romer, the intestate, had obtained judgment against the defendants; and his death being suggested on the record, the plaintiff, his administrator, voluntarily substituted himself a party and issued an execution on the judgment, which was quashed on the ground that he could not become a party except by judgment of the court on a scire facias.
Before the act of 1791, the practice was strictly conformable to the common law, and a scire facias was absolutely necessary to make an executor or administrator a party to a judgment. That act embraces only actions pending: but the practice under it to substitute, where the party desired it, without the formality and expense of a writ, led to a similar practice with regard to judgments, which has become a law; and the uniform course has ever since been for the personal representative, to have himself substituted without a scire facias, and even without an application to the court; and to take an execution where he is in other respects, entitled to it. I have never known an instance of a scire facias in any such case. The defendant is however not to lose the benefit of any objection- or defence of which he might avail himself on a scire facias actually issued. If the person substituted be not in truth the legal representative, the court will on a reasonable ground being laid, stay the execution where one has issued, and order the parties to appear to an amicable scire facias, to give the defendant an opportunity to plead the matter alleged. But the execution will not for this cause be set aside as of course, and the lien under the levy discharged perhaps at the risque of losing the debt; but the fate of the execution will abide the event of the issue; and in the mean time every thing will be suffered to remain in statu quo. I am of opinion, therefore, the court erred in setting aside the execution, and the order for that purpose is reversed.
Order reversed.